

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| RANDALL D. EASLEY, | ) |
|        Plaintiff, | ) |
| v. | ) NO. |
| POLICE OFFICER NOEL MORGAN, STAR #8714, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS A CITY OF CHICAGO POLICE OFFICER AND EMPLOYEE OF THE CHICAGO POLICE DEPARTMENT, CITY OF CHICAGO, A MUNICIPAL CORPORATION, ONAJE A.J. DOUGLAS, and LAKENYA S. ROCQUEMORE, | ) 08cv4077<br>JUDGE LINDBERG<br>MAG. JUDGE COX |
|        Defendants. | ) |

FILED JUL 17 2008 MICHAEL W. DOBBINS CLERK, U.S. DISTRICT COURT

### COMPLAINT

NOW COMES the Plaintiff, RANDALL D. EASLEY, by and through his attorneys, CHARLES E. PINKSTON & ASSOCIATES, and complains of the Defendants, as follows:

### JURISDICTIONAL STATEMENT

1. This action is brought pursuant to 42 U.S.C. Section 1983, as well as the Fourth and Fourteenth Amendments of the United States Constitution. The Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 1343(a)(3) in that it is brought to redress deprivations under color of state authority, of rights, privileges and immunities secured by the United States Constitution and 28 U.S.C. Section 1391(b)(1) based on where the defendants reside.

## VENUE

2. At all material times herein, Plaintiff was a resident of the Count of Cook, State of Illinois.

3. Defendant, Noel Morgan, Star #8714, upon information and belief, was at all material times a resident of the State of Illinois and an officer and/or employee of the Chicago Police Department. He is being sued in his individual and official capacity.

4. Defendant City of Chicago, upon information and belief, was at all material times a municipal corporation of the State of Illinois which has one of its departments, the Chicago Police Department. It is being sued in its official capacity.

5. Defendant Onaje A.J. Douglas, upon information and belief, was at all material times a resident of the State of Illinois who resides at 8123 S. Morgan, Chicago, Illinois. He is being sued in his individual capacity.

6. Defendant Lakenya S. Rocquemore, upon information and belief, was at all materials a resident of the State of Illinois who resides at 8123 S. Morgan, Chicago, Illinois. She is being sued in her individual capacity.

7. At all times relevant herein, all the Defendants were jointly engaged in, or were aware of, tortious activity resulting in the deprivation of the Plaintiff's Constitutional rights.

8. All material events giving rise to this lawsuit occurred in the City of Chicago, State of Illinois.

9. Venue is properly in this Court because all of the Defendants were situated in this judicial district when the events that gave rise to this complaint occurred and all of the Defendants reside in the Northern part of this state.

## PARTIES

10. Plaintiff, Randall Easley, is a resident of the City of Chicago, County of Cook, State of Illinois.

11. Defendant Officer Noel Morgan, Star #8714, was and is employed in the City of Chicago, State of Illinois as an Officer of the Chicago Police Department, who unlawfully battered and arrested Plaintiff, and who unlawfully conspired with others to have Plaintiff charged and prosecuted for crimes the Defendants knew that the Plaintiff did not commit.

12. Defendant, City of Chicago, is a Municipal Corporation whose agents and employees failed to adequately train, control and supervise its employee, Officer Noel Morgan.

13. Defendant Onaje A.J. Douglas, was and is a resident of the City of Chicago, County of Cook, who unlawfully conspired with others to have Plaintiff charged and prosecuted for crimes the Defendant knew that the Plaintiff did not commit.

14. Defendant Lakenya Rocquemore, was and is a resident of the City of Chicago, County of Cook, who unlawfully conspired with others to have Plaintiff charged and prosecuted for crimes the Defendant knew that the Plaintiff did not commit.

## FACTS

15. On or about July 19, 2007, Randall Easley was lawfully upon the public war at or near 8143 S. Morgan Street, Chicago, while escorting Ms. Vernita Lee, who resides at said address.

16. While at said location, Plaintiff was approached by Defendants Officer Noel and Onaje Douglas. The officer announced his office and displayed his badge and ordered the Defendant to submit to a search of his person, to which he complied.

17. That, without warning, Officer Noel removed his weapon (gun) and used it to batter the Plaintiff repeatedly about the face and head causing the Plaintiff to lose consciousness. During the time that this beating and use of excessive force was going on, Defendant Douglas was holding Plaintiff upright and then released Plaintiff, allowing him to fall to the ground while he was in an unconscious state.

18. That while Plaintiff lay on the ground in an unconscious state, Defendant Morgan placed cuffs on Plaintiff and directed Defendant Douglas to hold Plaintiff until other Police officers arrived. Defendant Douglas, who at the time, stood at least six foot five inches tall and weighed at or near four hundred pounds, responded to the direction of defendant Morgan by placing his knee in Plaintiff's back, placing the full force of his weight onto Plaintiff's person as he lay in an unconscious state.

19. Said beating and excessive us of force caused significant and patent injuries to the head, face and neck of Plaintiff.

20. That when other Police officers arrived, they were told a totally fabricated and contrived story by Defendants Morgan, Douglas and Lakenya Rocquemore that the three of them conspired to create. Said story led to the Plaintiff being placed under arrest for Battery (to Defendant Officer Morgan), Resisting Arrest and Aggravated Assault (to Douglas and Rocquemore).

21. After falsely arresting Plaintiff without probable cause, Defendant Officer Morgan had plaintiff transported to the 6th District Police Station and charged with the previously stated offenses.

22. After the false arrest, Plaintiff arrived at the 6th District Police station with contusions, bruises, scratches and severe swelling on or about the face, neck and head.

23. Upon falsely arresting Plaintiff without probable cause, Defendant Morgan actively participated in the arrest process, including but not limited to, participating in the preparation of the General Offense Case Report, the Arrest Report and the Misdemeanor complaints.

24. That on September 18, 2007 Plaintiff went to trial in state court on the false and contrived charges initiated by the Defendants. Defendants Morgan, Douglas and Rocquemore all testified to the false accusations that they had conspired to present against the Plaintiff. At the close of the State's case in chief, a directed verdict was rendered on behalf of the Plaintiff and he was found not guilty of all charges.

25. That at all times complained of herein, Defendant Morgan was not assigned to the district wherein the events occurred, and was allegedly off duty.

26. That based on information and belief, Defendant Morgan has a personal, financial interest in the property occupied by Defendants Douglas and Rocquemore located at 8123 S. Morgan Street, Chicago, Illinois, and is also a relative of Defendant Douglas.

27. That based on information and belief, Defendant CITY OF CHICAGO, a Municipal corporation, failed to adequately train, instruct, supervise and control its employee, Defendant Morgan, to prevent him from using his police powers in personal matters wherein relatives are involved.

## COUNT I
## 42 U.S.C. Section 1983

28. Plaintiff hereby repeats, re-alleges and incorporates by reference herein paragraphs 1-28 of this Complaint as though fully set forth herein.

29. On or about July 19, 2007, Defendant Morgan arrested Plaintiff without probable cause, in violation of Plaintiff's rights secured to him by the Fourth Amendment to the United States Constitution.

30. That during the course of said arrest, Defendant officer Morgan used excessive force by beating the Plaintiff with a gun and his hands without being provoked to do so, all in violation of 42 U.S.C. Section 1983 and the Fourth Amendment.

31. That as a result of said beating, Plaintiff sustained and continues to suffer from injuries.

32. That Plaintiff injuries were the direct and proximate result of the aforementioned violation of rights conferred by the United States Constitution and the wrongful acts and omissions perpetuated by Defendant Morgan, while acting under color of law and pursuant to customs, policies and/or procedures which were in violation of 42 U.S.C. Section 1983.

33. Federal law provides for civil liability for the deprivation of any right, privilege or immunity secured by the Constitution and the laws of the United States, while committed under color of law.

34. While acting under color of law, Defendant Morgan systematically, knowingly, intentionally, and/or with deliberate indifference deprived Plaintiff of his rights under the United States Constitution.

35. At all material times, Defendants Morgan, Douglas and Rocquemore conspired with each other in pursuit of a common plan to commit tortious acts and/or deprive Plaintiff of his constitutional rights, actively participated in this conspiracy and furthered it by cooperation or request, lending aid and/or encouragement to wrongdoers and/or ratifying and adopting and/or concealing the acts done for their benefit. Additionally, each defendant acted negligently and/or with the intent to deprive Plaintiff of his rights.

36. The Defendants are civilly liable to Plaintiff pursuant to 42 U.S.C. Section 1983, because all of the aforementioned deliberately indifferent, reckless, willful, wanton, malicious, and/or intentional acts and/or omissions of defendants, constituting excessive force, as set forth herein, were committed under color of law and pursuant to customs, policies, statutes, laws, codes, and/or practices of the City of Chicago, State of Illinois and said acts and omissions deprived Plaintiff of his rights, privileges, and immunities secured by the Fourth and Fourteenth Amendments of the United States Constitution.

WHEREFORE, Plaintiff, Randall Easley, prays that this Honorable Court finds that the Defendants violated Plaintiff's constitutional rights and find them liable for compensatory and punitive damages in the amount of One Million Dollars and grant the Plaintiff any other relief that the Court deems just and equitable.

## COUNT II
### Failure Of City of Chicago To Train, Supervise and Control

37. Plaintiff hereby repeats, re-alleges and incorporates by reference herein paragraphs 1-36 of this Complaint as though fully set forth herein.

38. That the City of Chicago has a duty to properly select and train its police officers and that failing to train police officers may be the basis for managerial liability under 42 U.S.C. Section 1983.

39. That at all times complained of herein, Defendant Morgan was not assigned to the District wherein the events occurred, and was allegedly off duty.

40. That based on information and belief, Defendant Morgan has a personal, financial interest in the property occupied by Defendants Douglas and Rocquemore located at 8123 S. Morgan Street, Chicago, Illinois, and is also a relative of Defendant Douglas.

41. That Defendant City of Chicago has breached its duty is therefore civilly liable to Plaintiff for the injuries and violations of his civil rights that he sustained of the hands of Defendant City's employee, Police Officer Noel Morgan whom the City failed to properly train, instruct, supervise and control.

WHEREFORE, Plaintiff, Randall Easley, prays that this Honorable Court finds that the Defendant City of Chicago violated Plaintiff's constitutional rights and find them liable for compensatory and punitive damages in the amount of Five Hundred Thousand Dollars and grant the Plaintiff any other relief that the Court deems just and equitable.

PLAINTIFF DEMANDS TRIAL BY JURY.

Respectfully submitted,

/s/Charles E. Pinkston

CHARLES E. PINKSTON
CHARLES E. PINKSTON & ASSOCIATES

CHARLES E. PINKSTON & ASSOCIATES
Attorneys for Plaintiff Randall D. Easley
100 W. Monroe Street, Suite 1710
Chicago, Illinois 60603
(312) 578-1957/fax (312) 905-2016